## Trotta, Helen T.

| | |
|---|---|
| **To:** | Trotta, Helen T. |
| **Subject:** | EX. A - RE: Latifah Jones, Individually, and as mother and natural guardian of infant N. C. - Final Settlement Opportunity within Policy Limits for Phillips Avent Baby Bottle Warmer |

**From:** Anthony M. Beneduce <ABeneduce@lstriallaw.com>
**Sent:** Sunday, June 23, 2024 12:55 PM
**To:** Levy, Matthew P. <mlevy@goldbergsegalla.com>
**Cc:** Jeannie Brenes <JBrenes@lstriallaw.com>
**Subject:** Re: Latifah Jones, Individually, and as mother and natural guardian of infant N. C. - Final Settlement Opportunity within Policy Limits for Phillips Avent Baby Bottle Warmer [GSLLP-IMANAGE.FID6250262]

Dear Counsel:

For your records, please see attached e-filed Summons and Verified Complaint in the subject matter going out for service tomorrow.

Best,



**Anthony M. Beneduce, Esq.**



75 Broad Street, Suite 1601

New York, N.Y. 10004

Phone: (212) 766-5222

Direct: (646) 449-6664

Cell: (646) 847-8882

Email: abeneduce@LSTrialLaw.com

www.LSTrialLaw.com



**PRIVILEGED AND CONFIDENTIALITY NOTICE:** This e-mail message is intended only for the person(s) to whom it is addressed and may contain information that is privileged confidential, or otherwise protected from disclosure. The information contained herein is not to be forwarded, discussed, or otherwise disclosed to anyone other than the persons(s) addressed in this email without the advance written permission of the sender. Any unauthorized review, use, disclosure or distribution is expressly prohibited. If you are not the intended recipient of this e-mail, please promptly alert the sender by reply e-mail that you received it in error and destroy all copies of the original and any reply message.

**WIRE NOTICE**: Online banking fraud is on the rise. If you receive an email containing WIRE TRANSFER INSTRUCTIONS call us immediately to verify the information prior to sending funds.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Filed:_____

---------------------------------------------------------------------------X

N.C., an infant by his mother and natural guardian LATIFAH
JONES, and LATIFAH JONES, individually,

INDEX NO.:

Plaintiffs designate New York
County as the place of trial.

Plaintiffs,

-against-

**S U M M O N S**

PHILIPS NORTH AMERICA LLC, PHILIPS NORTH
AMERICA CORPORATION, AMAZON.COM, INC. a/k/a
AMAZON.COM SERVICES INC. d/b/a AMAZON.COM, and
AMAZON.COM SERVICES LLC,

The basis of venue is
Location of occurrence.

Defendants.

---------------------------------------------------------------------------X

**To the above-named Defendants:**

      **YOU ARE HEREBY SUMMONED** to answer the Complaint in this action and to serve
a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of
Appearance, on the plaintiff's attorneys within 20 days after the service of this Summons,
exclusive of the day of service (or within 30 days after the service is complete. If this Summons is
not personally delivered to you within the State of New York); and in case of your failure to appear
or answer, judgement will be taken against you by default for the relief demanded in the Complaint.

Dated: New York, New York
      June 20, 2024

**LEAV & STEINBERG, L.L.P.**

Anthony Beneduce, Esq.
*Attorneys for Plaintiffs*
***N.C. an infant by his mother and natural guardian
LATIFAH JONES, and LATIFAH JONES,
individually***
75 Broad Street, Suite 1601
New York, New York 10004
Tel. No.: (212) 766-5222

SEE ATTACHED RIDER
RIDER

TO:

**PHILIPS NORTH AMERICA LLC**
*Serve via*: Secretary of State
c/o Corporation Service Company
80 State Street, Albany, New York 12207

**PHILIPS NORTH AMERICA CORPORATION**
*Serve via*: Secretary of State
222 Jacobs Street, Cambridge, Massachusetts 02141

**AMAZON.COM, INC. a/k/a AMAZON.COM SERVICES INC. d/b/a AMAZON.COM**
*Serve via*: Secretary of State
410 Terry Avenue N., Seattle, Washington 98109
New York City office located 7 West 34th Street, New York, New York

**AMAZON.COM SERVICES LLC**
410 Terry Avenue N., Seattle, Washington 98109
New York City office located 7 West 34th Street, New York, New York

## <u>PLEASE FORWARD TO YOUR INSURANCE CARRIER</u>

Case 1:24-cv-05473-PAE   Document 1-1   Filed 07/19/24   Page 5 of 24

DocuSign Envelope ID: 8B0A1EB4-1474-4613-9F40-441700DE9CBE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------------------X
N.C., an infant by his mother and natural guardian LATIFAH
JONES, and LATIFAH JONES, individually,

          Index No.:

                Plaintiffs,

    -against-

          **VERIFIED COMPLAINT**

PHILIPS NORTH AMERICA LLC, PHILIPS NORTH
AMERICA CORPORATION, AMAZON.COM, INC. a/k/a
AMAZON.COM SERVICES INC. d/b/a AMAZON.COM, and
AMAZON.COM SERVICES LLC,

                Defendants.
------------------------------------------------------------------------X

Plaintiffs, by and through their attorneys, LEAV & STEINBERG, L.L.P., as and for their

Verified Complaint in the above-entitled action, allege upon information and belief as follows:

## THE PARTIES

1. At all times hereinafter mentioned, infant plaintiff, N.C., was and still is a resident of the County, City and State of New York.

2. At all times hereinafter mentioned, plaintiff LATIFAH JONES was and still is a resident of the County, City and State of New York.

3. At all times hereinafter mentioned, defendant PHILIPS NORTH AMERICA LLC, was and still is a foreign limited liability company duly licensed and authorized to do business in the State of New York.

4. At all times hereinafter mentioned, defendant PHILIPS NORTH AMERICA LLC, was and still is a private business duly organized and existing under, and by virtue of, the laws of the State of New York.

5. At all times hereinafter mentioned, defendant PHILIPS NORTH AMERICA LLC, maintained a premises located at 80 State Street, Albany, New York 12207.

Case 1:24-cv-05473-PAE Document 1-1 Filed 07/19/24 Page 6 of 24
DocuSign Envelope ID: 8B0A1EB4-1474-4613-9F40-441700DE9CBE

6. At all times hereinafter mentioned, defendant PHILIPS NORTH AMERICA CORPORATION, was and still is a domestic corporation duly organized and existing under and by virtue of, the laws of the State of New York.

7. At all times hereinafter mentioned, defendant PHILIPS NORTH AMERICA CORPORATION, was and still is a foreign corporation duly organized and existing under and by virtue of, the laws of the State of New York.

8. At all times hereinafter mentioned, defendant PHILIPS NORTH AMERICA CORPORATION (hereinafter collectively with Defendants PHILIPS NORTH AMERICA LLC, and PHILIPS NORTH AMERICA CORPORATION, as "Philips"), was and still is a private organization duly organized and existing under, and by virtue of, the laws of the State of New York.

9. As of June 2024, defendant Philips is the 794th most valuable company in the world with a market cap of $24.20 Billion.

10. At all times hereinafter mentioned, defendant AMAZON.COM, INC. a/k/a AMAZON.COM SERVICES INC. d/b/a AMAZON.COM was and is a foreign C Corporation with its principal place of business located at 410 Terry Avenue N., Seattle, Washington 98109, with a New York City office located 7 West 34th Street, New York, New York.

11. At all times hereinafter mentioned, defendant AMAZON.COM SERVICES LLC (hereinafter collectively with Defendants AMAZON.COM, INC. a/k/a AMAZON.COM SERVICES LLC d/b/a AMAZON.COM, as "Amazon") was and is a foreign limited liability company with its principal place of business located at 410 Terry Avenue N., Seattle, Washington 98109, with a New York City office located 7 West 34th Street, New York, New York.

12. Defendant Amazon is the 5th most valuable company in the world with a market cap as of June 2024 of $1.902 Trillion.

Case 1:24-cv-05473-PAE   Document 1-1   Filed 07/19/24   Page 7 of 24

DocuSign Envelope ID: 8B0A1EB4-1474-4613-9F40-441700DE9CBE

13. At all times hereinafter mentioned, defendant Philips developed, manufactured, designed, marketed, imported, sold, and distributed a variety of baby products.

14. At all times hereinafter mentioned, defendant Philips developed, manufactured, designed, marketed, imported, sold, and distributed the *PHILIPS AVENTI* Anti-Colic Baby Bottle with AirFree Vent All in One Product.

15. At all times hereinafter mentioned, defendant Amazon operated an online marketplace for consumers at: amazon.com, that includes listings for consumer products, as that term is defined at Section 3(a)(5) of the Consumer Product Safety Act and 15 U.S.C. §2052(a)(5). *See*, In the Matter of Amazon.com, Inc., Docket no. 21-2. Complaint issued by the United States of America Consumer Product Safety Commission.

16. Through the website amazon.com, defendant Amazon offers an e-commerce marketplace in which Amazon and its users can connect with consumers via the internet, expanding sales opportunities beyond traditional brick-and-mortar and direct retail sales channels. *Id.* at ¶8.

17. At all times hereinafter mentioned, defendant Amazon was in the business of marketing, promoting, selling, distributing, delivering and otherwise placing into the stream of commerce, "hundreds of millions of unique products," including but not limited to *PHILIPS AVENTI* Anti-Colic Baby Bottle with AirFree Vent All in One, in the State of New York and elsewhere (hereinafter "bottle warmer", "Product") purchased for plaintiffs.

18. According to Amazon's invoice details for the Product purchased for plaintiffs, the Product was allegedly sold by AMAZON.COM SERVICES LLC. The invoice is attached as **Exhibit "1."**

19. Upon information and belief, Philips' and Amazon's marketing of the Product is deceptive and intentionally misleads consumers by using words and phrases such as, "The bottle

warmer is designed to **gently heat milk** evenly without hot spots" in describing the Product in order to lure consumers into believing the Product is safe and without risk, which it is neither. The Product listing on Amazon.com is attached as **Exhibit "2"**.

20.     Upon information and belief, there is nothing written on the Product box or any accompanying literature or on Philips's or Amazon's website to warn consumers that the Product is dangerous, unfit for the purpose intended, the contents can reach extreme temperatures, is unstable and prone to tipping and falling and spilling contents onto a user's body causing injury, burns, scald injuries, and other significant harm.

21.     Upon information and belief, Philips did perform testing on the Product prior to marketing, promoting, selling, and distributing it to the public including the plaintiffs.

22.     Upon information and belief, Philips knew or should have known through testing the Product prior to marketing, promoting, selling, and distributing it to the public including the plaintiffs, to warn the public that the Product's contents may reach extreme temperatures, the Product is unstable and prone to tipping, and there is a risk of extremely hot liquid contents to fall onto a user's body causing injury, burns, scald injuries, and other significant harm.

23.     Consumers such as plaintiffs are reading and relying upon marketing language on Amazon's website, ordering the products from Amazon, paying Amazon and relying on Amazon's integrity that the Product is their "Choice". **Exhibit "2"**.

24.     Defendant Philips and Amazon are in the best position to be aware that products sold on their website, including the Product at issue herein, injure consumers while Philips and Amazon profit from promoting and selling the Product.

25.     Defendants Philips and Amazon knew or should have known of the dangerous condition of the Product and its ability to cause severe harm to consumers.

Case 1:24-cv-05473-PAE Document 1-1 Filed 07/19/24 Page 9 of 24
DocuSign Envelope ID: 8B0A1EB4-1474-4613-9F40-441700DE9CBE

26. Upon information and belief, despite knowing the Product's risk of severe harm to consumers, defendants Philips and Amazon continued to market, sell, and distribute the Product for profit.

27. Upon information and belief, Amazon did not perform any testing on the Product prior to marketing, promoting, selling, and distributing it to the public including the plaintiffs.

28. One of Amazon's strategies has been to "expand aggressively into multiple business lines" Amazon's Antitrust Paradox, 126 Yale L.J. 710 citing Amazon.com, Inc., Annual Report (Form 10-K) 4 (January 28, 2016).

29. In addition to being a retailer, Amazon is a marketing platform, for which it gets paid handsomely and without which plaintiff would not have been aware of the Product and would not have purchased the Product. *Id.*

30. On its website, defendant Amazon touts the Product as an "Amazon Choice" selection, and the product is "sponsored" as well. Exhibit "2"

31. Sellers sell their wares through Amazon Marketplace where they list their goods on Amazon's platform. Amazon earns "… fixed fees, a percentage of sales, per-unit activity fees, interest, or some combination thereof for [their] seller programs" collecting fees ranging from 6% to 50% of their sales from them. Amazon.com Inc. Annual Report (Form 10-K) 3, (2/21/21) and *Amazon's Antitrust Paradox, 126 Yale L.J. 710,* citing Angus Loten & dam Janofsky, Sellers Need Amazon, but at What Cost?, WALL ST. J. (Jan. 14, 2015, 6:30 PM).

32. Amazon knew or should had known that the Product sold was injuring people and yet continued to not only sell it but also to promote it as their "Choice."

33. Amazon readily admits in its Annual Report that it is subject to product liability claims when people are harmed by the products sold and/or manufactured by Amazon:

Case 1:24-cv-05473-PAE Document 1-1 Filed 07/19/24 Page 10 of 24
DocuSign Envelope ID: 8B0A1EB4-1474-4613-9F40-441700DE9CBE

Some of the products we sell or manufacture expose us to product liability or food safety claims relating to personal injury or illness, death, or environmental or property damage, and can require product recalls or other actions. Third parties who sell products using our services and stores also expose us to product liability claims. Although we maintain liability insurance, we cannot be certain that our coverage will be adequate for liabilities actually incurred or that insurance will continue to be available to us on economically reasonable terms, or at all. Although we impose contractual terms on sellers that are intended to prohibit sales of certain type of products, we may not be able to detect, enforce, or collect sufficient damages for breaches of such agreements. In addition, some of our agreements with our vendors and sellers do not indemnify us from product liability. [emphasis added]

Amazon.com, Inc. Annual Report (Form 10-K) 14, (2/21/21)

## FACTUAL ALLEGATIONS

34. On or about August 22, 2022, the defendants' Product was ordered from defendant Amazon's website as a gift for Plaintiffs.

35. Plaintiffs received the Product shortly thereafter.

36. Amazon.com received $107.78 in total for this product. **Exhibit "1."**

37. Plaintiffs reasonably believed that the Product came from defendant Amazon as the seller, because the invoice lists AMAZON.COM SERVICES LLC as the seller. *Id.*

38. On or about March 5, 2023, inside of 419 West 17th Street, Apt 17G, New York, New York, 10011, plaintiff Latifah Jones used the Product in accordance with the purported packaging instructions.

39. Plaintiff followed all instructions on the Product packaging and labels.

40. While plaintiff Latifah Jones was holding infant N.C. in her arms, infant N.C. reached for the bottle inside of the Product and the Product tipped over and the contents splashed on to the plaintiffs' bodies causing severe injury.

Case 1:24-cv-05473-PAE Document 1-1 Filed 07/19/24 Page 11 of 24

DocuSign Envelope ID: 8B0A1EB4-1474-4613-9F40-441700DE9CBE

41. While plaintiffs were making use of the Product as aforesaid in a manner intended and anticipated by defendants Philips and Amazon, the Product malfunctioned and tipped over, scalding infant plaintiff's body and plaintiff's body, causing infant plaintiff to require extensive medical treatment and to suffer severe and permanent personal injuries.

### ON BEHALF OF INFANT PLAINTIFF, N.C.
### AS AND FOR A FIRST CAUSE OF ACTION AS AGAINST
### DEFENDANTS PHILIPS, and AMAZON.COM, INC
### (STRICT LIABILITY)

42. Plaintiff repeats, reiterates, and realleges each of the foregoing allegations with the same force and effect as if more fully set forth at length herein.

43. The Product warmer was defectively designed, manufactured, fabricated, tested, labeled, inspected, marketed, distributed, monitored, promoted, and sold by defendants.

44. The Product was defective and unreasonably dangerous when the defendants placed it into the stream of commerce because it was advertised to gently warm bottles and instead boiled bottles, easily tipped over, and horribly scarred the infant plaintiff and plaintiff when used as intended.

45. Despite due notice and knowledge of the defective Product and the imminent risk of harm said defect posed to consumers, defendants purposefully concealed said defect, refused/failed to notify customers, failed to recall the Product and continued to market, sell and distribute the defective Product to consumers including but not limited to plaintiffs.

46. Notwithstanding the foregoing due notice, defendants intentionally concealed such information, failed to provide adequate warnings or instructions concerning the Product, and continued to consistently market the Product as only gently warming bottles.

47. The defects in the Product were a proximate cause of the damages suffered by plaintiffs.

48.     As a result of the defendants' Philips and Amazon.com negligent, willful, wanton, malicious, and reckless conduct, while using the Product as intended, plaintiff was caused to suffer severe and permanent personal injuries, including, but not limited to, burns and scarring on his body that required extensive medical treatment and procedures, and infant plaintiff has been otherwise damaged, all of which damages are permanent in nature and continuing into the future.

49.     By reason of the foregoing, infant plaintiff is entitled to recover all of his damages from the defendant.

50.     The conduct of defendant was so willful, wanton, malicious, reckless and in such disregard for the consequences as to reveal a conscious indifference to the clear risk of death or serious bodily injury and merits the imposition of punitive damages in addition to actual damages.

### ON BEHALF OF PLAINTIFF, LATIFAH JONES
### AS AND FOR A SECOND CAUSE OF ACTION AS AGAINST
### DEFENDANTS PHILIPS, and AMAZON.COM, INC
### (STRICT LIABILITY)

51.     Plaintiff repeats, reiterates, and realleges each of the foregoing allegations with the same force and effect as if more fully set forth at length herein.

52.     The Product warmer was defectively designed, manufactured, fabricated, tested, labeled, inspected, marketed, distributed, monitored, promoted, and sold by defendants.

53.     The Product was defective and unreasonably dangerous when the defendants placed it into the stream of commerce because it was advertised to gently warm bottles and instead boiled bottles, easily tipped over, and horribly scarred the infant plaintiff and plaintiff when used as intended.

54.     Despite due notice and knowledge of the defective Product and the imminent risk of harm said defect posed to consumers, defendants purposefully concealed said defect,

FILED: NEW YORK COUNTY CLERK 06/20/2024 06:31 PM INDEX NO. 155675/2024
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 06/20/2024
DocuSign Envelope ID: 8B0A1EB4-1474-4613-9F40-441700DE9CBE

Case 1:24-cv-05473-PAE    Document 1-1    Filed 07/19/24    Page 13 of 24

refused/failed to notify customers, failed to recall the Product and continued to market, sell and distribute the defective Product to consumers including but not limited to plaintiffs.

55.    Notwithstanding the foregoing due notice, defendants intentionally concealed such information, failed to provide adequate warnings or instructions concerning the Product, and continued to consistently market the Product as only gently warming bottles.

56.    The defects in the Product were a proximate cause of the damages suffered by plaintiffs.

57.    As a result of the defendants' Amazon.com and Philips negligent, willful, wanton, malicious, and reckless conduct, while using the Product as intended, plaintiff was caused to suffer severe and permanent personal injuries, including, but not limited to, burns and scarring on their body and plaintiffs have been otherwise damaged, all of which damages are permanent in nature and continuing into the future.

58.    By reason of the foregoing, plaintiff is entitled to recover all of his damages from the defendant.

59.    The conduct of defendants were so willful, wanton, malicious, reckless and in such disregard for the consequences as to reveal a conscious indifference to the clear risk of death or serious bodily injury and merits the imposition of punitive damages in addition to actual damages.

**ON BEHALF OF INFANT PLAINTIFF, N.C.**
**AS AND FOR A THIRD CAUSE OF ACTION AS AGAINST**
**DEFENDANTS PHILIPS, and AMAZON.COM, INC.**
**<u>(BREACH OF WARRANTY)</u>**

60.    Plaintiff repeats, reiterates, and realleges each of the foregoing allegations with the same force and effect as if more fully set forth at length herein.

FILED: NEW YORK COUNTY CLERK 06/20/2024 06:31 PM INDEX NO. 155675/2024
NYSCEF DOC. NO. 1 RECEIVED NYSCEF: 06/20/2024
DocuSign Envelope ID: 8B0A1EB4-1474-4613-9F40-441700DE9CBE

Case 1:24-cv-05473-PAE    Document 1-1    Filed 07/19/24    Page 14 of 24

61. The defendants warranted and represented, both expressly and impliedly, that the Product was reasonably safe, fit for its intended purpose and reasonably foreseeable use and of merchantable quality. See, UCC §2-314 and 2-315.

62. Plaintiff relied upon the skill and judgment of the defendant and upon the aforesaid warranties and representations and expected that the Product was reasonably safe and fit for the purpose for which it was intended.

63. The defendants' representations and warranties were false and misleading and were breached because the Product was defective, hazardous, dangerous, not reasonably safe, not fit for its intended or reasonably foreseeable uses, not of merchantable quality, and did not meet the expectations of consumers, including plaintiff.

64. That, in fact, the Product was not fit for the purpose for which it was intended; the Product was defective and not properly formulated; it was not properly prepared; used improper and inferior materials; was of inferior quality; was not properly inspected prior to being manufactured or sold; failed to contain proper and adequate warnings.

65. Thus, the defendants breached their express and implied warranties.

66. The defendants' breaches were a proximate cause of the damages suffered by the plaintiff as set forth above.

67. By reason of the foregoing, plaintiff is entitled to recover all of his damages from the defendants.

68. The conduct of defendants were so willful, wanton, malicious, reckless and in such disregard for the consequences as to reveal a conscious indifference to the clear risk of death or serious bodily injury and merits the imposition of punitive damages in addition to actual damages.

DocuSign Envelope ID: 8B0A1EB4-1474-4613-9F40-441700DE9CBE

### ON BEHALF OF PLAINTIFF, LATIFAH JONES
### AS AND FOR A FOUR CAUSE OF ACTION AS AGAINST
### DEFENDANTS PHILIPS, and AMAZON.COM, INC.
### (BREACH OF WARRANTY)

69.     Plaintiff repeats, reiterates, and realleges each of the foregoing allegations with the same force and effect as if more fully set forth at length herein.

70.     The defendants warranted and represented, both expressly and impliedly, that the Product was reasonably safe, fit for its intended purpose and reasonably foreseeable use and of merchantable quality. See, UCC §2-314 and 2-315.

71.     Plaintiff relied upon the skill and judgment of the defendants and upon the aforesaid warranties and representations and expected that the Product was reasonably safe and fit for the purpose for which it was intended.

72.     The defendants' representations and warranties were false and misleading and were breached because the Product was defective, hazardous, dangerous, not reasonably safe, not fit for its intended or reasonably foreseeable uses, not of merchantable quality, and did not meet the expectations of consumers, including plaintiff.

73.     That, in fact, the Product was not fit for the purpose for which it was intended; the Product was defective and not properly formulated; it was not properly prepared; used improper and inferior materials; was of inferior quality; was not properly inspected prior to being manufactured or sold; failed to contain proper and adequate warnings.

74.     Thus, the defendants breached their express and implied warranties.

75.     The defendants' breaches were a proximate cause of the damages suffered by the plaintiff as set forth above.

76.     By reason of the foregoing, plaintiff is entitled to recover all of his damages from the defendant.

77.     The conduct of defendants were so willful, wanton, malicious, reckless and in such disregard for the consequences as to reveal a conscious indifference to the clear risk of death or serious bodily injury and merits the imposition of punitive damages in addition to actual damages.

## ON BEHALF OF INFANT PLAINTIFF, N.C.
## AS AND FOR A FIVE CAUSE OF ACTION AS AGAINST
## DEFENDANTS PHILIPS and AMAZON.COM
## (NEGLIGENCE)

78.     Plaintiff repeats, reiterates, and realleges each of the foregoing allegations with the same force and effect as if more fully set forth at length herein.

79.     The defendants Philips and Amazon.com were reckless, careless and negligent in designing, manufacturing, assembling, testing, labeling, inspecting, marketing, distributing, monitoring, promoting, and selling the Product; in marketing and selling a Product which injured and scarred the plaintiff; in causing and failing to prevent injuries from to the Product; in falsely advertising the purported safety of the Product; in failing to convey the risks of the Product that it would cause burns, scarring, and permanent disfigurement; in conveying false benefits of the Product to be a safe way to warm baby bottles; in deceptively and falsely advertising, promoting and stating that Product was safe to mislead consumers without disclosing or warning of any potential risks; in launching a force or instrument of harm; in violating all applicable statutes, rules and regulations; in failing to remove the Product from defendant's website despite actual knowledge of its dangers; in marketing and selling a defective product despite being on actual notice of its dangers; and defendant was otherwise, reckless, careless and negligent.

80.     The defendants Philips and Amazon.com were aware of the defects and dangers caused by the Product through numerous other incidents, public message board postings, customer complaints, reports and other sources but negligently failed to take the appropriate steps to redesign

DocuSign Envelope ID: 8B0A1EB4-1474-4613-9F40-441700DE9CBE

or remove the Product from Amazon's website and defendant continued to market and sell the Product even after being put on notice of serious injuries resulting from use of the Product.

81.     The defendants Philips and Amazon.com failed to warn that the Product was of inferior quality, dangerous and could cause serious harm; created a dangerous condition; and failed to recall or remove the Product from its website even after receiving numerous reports of persons being injured due to the Product.

82.     The defendants' negligence was a proximate cause of the damages suffered by plaintiff as set forth above.

83.     By reason of the foregoing, plaintiff is entitled to recover all of his damages from the defendant.

84.     The conduct of defendants Philips and Amazon.com were so willful, wanton, malicious, reckless and in such disregard for the consequences as to reveal a conscious indifference to the clear risk of death or serious bodily injury and merits the imposition of punitive damages in addition to actual damages.

**ON BEHALF OF PLAINTIFF LATIFAH JONES**
**AS AND FOR A SIX CAUSE OF ACTION AS AGAINST**
**DEFENDANTS PHILIPS and AMAZON.COM**
**(NEGLIGENCE)**

85.     Plaintiff repeats, reiterates, and realleges each of the foregoing allegations with the same force and effect as if more fully set forth at length herein.

86.     The defendants Philips and Amazon.com were reckless, careless and negligent in designing, manufacturing, assembling, testing, labeling, inspecting, marketing, distributing, monitoring, promoting, and selling the Product; in marketing and selling a Product which injured and scarred the plaintiff; in causing and failing to prevent injuries from to the Product; in falsely advertising the purported safety of the Product; in failing to convey the risks of the Product that it

would cause burns, scarring, and permanent disfigurement; in conveying false benefits of the Product to be a safe way to warm baby bottles; in deceptively and falsely advertising, promoting and stating that Product was safe to mislead consumers without disclosing or warning of any potential risks; in launching a force or instrument of harm; in violating all applicable statutes, rules and regulations; in failing to remove the Product from defendant's website despite actual knowledge of its dangers; in marketing and selling a defective product despite being on actual notice of its dangers; and defendant was otherwise, reckless, careless and negligent.

87.    The defendants Philips and Amazon.com were aware of the defects and dangers caused by the Product through numerous other incidents, public message board postings, customer complaints, reports and other sources but negligently failed to take the appropriate steps to redesign or remove the Product from Amazon's website and defendant continued to market and sell the Product even after being put on notice of serious injuries resulting from use of the Product.

88.    The defendants Philips and Amazon.com failed to warn that the Product was of inferior quality, dangerous and could cause serious harm; created a dangerous condition; and failed to recall or remove the Product from its website even after receiving numerous reports of persons being injured due to the Product.

89.    The defendants' negligence was a proximate cause of the damages suffered by plaintiff as set forth above.

90.    By reason of the foregoing, plaintiff is entitled to recover all of her damages from the defendant.

91.    The conduct of defendants Philips and Amazon.com were so willful, wanton, malicious, reckless and in such disregard for the consequences as to reveal a conscious indifference to the clear risk of death or serious bodily injury and merits the imposition of punitive damages in addition to actual damages.

Case 1:24-cv-05473-PAE    Document 1-1    Filed 07/19/24    Page 19 of 24
DocuSign Envelope ID: 8B0A1EB4-1474-4613-9F40-441700DE9CBE

## ON BEHALF OF INFANT PLAINTIFF, N.C.
## AS AND FOR A SEVEN CAUSE OF ACTION AS AGAINST
## DEFENDANTS PHILIPS and AMAZON.COM
## (FRAUD)

92.    Plaintiff repeats, reiterates, and realleges each of the foregoing allegations with the same force and effect as if more fully set forth at length herein.

93.    As set forth above, defendant Philips and Amazon knowingly made numerous material misrepresentations of fact, and knowingly omitted to state numerous other material facts, of which they had superior knowledge, for the purpose of inducing reliance and action by Plaintiff.

94.    Plaintiff was not aware of the falsity of defendants' representations and omissions since the falsity of defendant's representations and omissions were non-obvious and not readily discoverable through reasonable investigation.

95.    Defendants Philips and Amazon made these material misrepresentations and omissions with the intent of inducing Plaintiff to purchase the Product.

96.    Plaintiff justifiably relied upon defendants' representations in purchasing the Product. But for defendants' material misrepresentations and omissions, Plaintiff would not have done so.

97.    By engaging in manipulative, deceptive, and fraudulent acts, defendants fraudulently misrepresented information that would have been relevant to the Plaintiff's decision to purchase the Product.

98.    Defendants' fraudulent misrepresentations were willful and intentional.

99.    Plaintiff reasonably relied upon the misleading information disseminated by defendant concerning the Product to his detriment.

100.    As a result of defendants' fraudulent conduct and Plaintiff's reliance upon the misleading information disseminated, Plaintiff has suffered serious injuries.

Case 1:24-cv-05473-PAE Document 1-1 Filed 07/19/24 Page 20 of 24
DocuSign Envelope ID: 8B0A1EB4-1474-4613-9F40-441700DE9CBE

101. Due to the Defendants' fraudulent conduct, the Plaintiff will be seeking punitive damages.

### ON BEHALF OF PLAINTIFF, LATIFAH JONES
### AS AND FOR A EIGHT CAUSE OF ACTION AS AGAINST
### DEFENDANTS PHILIPS and AMAZON.COM
### (FRAUD)

102. Plaintiff repeats, reiterates, and realleges each of the foregoing allegations with the same force and effect as if more fully set forth at length herein.

103. As set forth above, defendant Philips and Amazon knowingly made numerous material misrepresentations of fact, and knowingly omitted to state numerous other material facts, of which they had superior knowledge, for the purpose of inducing reliance and action by Plaintiff.

104. Plaintiff was not aware of the falsity of defendants' representations and omissions since the falsity of defendants' representations and omissions were non-obvious and not readily discoverable through reasonable investigation.

105. Defendant Amazon made these material misrepresentations and omissions with the intent of inducing Plaintiff to purchase the Product.

106. Plaintiff justifiably relied upon defendant's representations in purchasing the Product. But for defendant's material misrepresentations and omissions, Plaintiff would not have done so.

107. By engaging in manipulative, deceptive, and fraudulent acts, defendant fraudulently misrepresented information that would have been relevant to the Plaintiff's decision to purchase the Product.

108. Defendant's fraudulent misrepresentations were willful and intentional.

109. Plaintiff reasonably relied upon the misleading information disseminated by defendant concerning the Product to his detriment.

Case 1:24-cv-05473-PAE Document 1-1 Filed 07/19/24 Page 21 of 24
DocuSign Envelope ID: 8B0A1EB4-1474-4613-9F40-441700DE9CBE

110. As a result of defendant's fraudulent conduct and Plaintiff's reliance upon the misleading information disseminated, Plaintiff has suffered serious injuries.

111. Due to the Defendant's fraudulent conduct, the Plaintiff will be seeking punitive damages.

**ON BEHALF OF PLAINTIFF LATIFAH JONES**
**AS AND FOR A NINTH CAUSE OF ACTION**

112. Plaintiff repeats, reiterates, and realleges each of the foregoing allegations with the same force and effect as if more fully set forth at length herein.

113. That at all times herein mentioned, plaintiff **LATIFAH JONES**, is the mother and natural guardian of infant plaintiff **N.C.**, and as such, is entitled to the services, companionship and society of her infant child.

114. That as a result of this occurrence, plaintiff **LATIFAH JONES** was deprived of the services, companionship and society of her infant child **N.C.** and caused to expend various sums of money, in an attempt to heal and cure her child of the injuries sustained.

115. That by reason of the foregoing, infant plaintiff **N.C.** has been damaged in a sum which exceeds the jurisdictional limits of all lower Courts.

116. That by reason of the foregoing, plaintiff **LATIFAH JONES** has been damaged in a sum which exceeds the jurisdictional limits of all lower Courts

FILED: NEW YORK COUNTY CLERK 06/20/2024 06:31 PM          INDEX NO. 155675/2024
NYSCEF DOC. NO. 1                                         RECEIVED NYSCEF: 06/20/2024
DocuSign Envelope ID: 8B0A1EB4-1474-4613-9F40-441700DE9CBE

Case 1:24-cv-05473-PAE   Document 1-1   Filed 07/19/24   Page 22 of 24

**WHEREFORE**, plaintiffs demand judgment against the defendants Philips and Amazon, to recover for all of their damages, including punitive damages, all together with the costs and disbursements of this action.

Dated: June 20, 2024
      New York, New York

                     **LEAV & STEINBERG, L.L.P.**

                     Anthony Beneduce, Esq.
                     *Attorneys for Plaintiffs*
                     ***N.C. an infant by his mother and natural guardian***
                     ***LATIFAH JONES***
                     75 Broad Street, Suite 1601
                     New York, New York 10004
                     Tel. No.: (212) 766-5222

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

-------------------------------------------------------------------------X

N.C., an infant by his mother and natural guardian LATIFAH
JONES, and LATIFAH JONES, individually,

                              Plaintiffs,

          -against-

PHILIPS NORTH AMERICA LLC, PHILIPS NORTH
AMERICA CORPORATION, AMAZON.COM, INC. a/k/a
AMAZON.COM SERVICES INC. d/b/a AMAZON.COM, and
AMAZON.COM SERVICES LLC,

                              Defendants.

-------------------------------------------------------------------------X

Index No.:

**INDIVIDUAL
VERIFICATION**

| STATE OF NEW YORK | ) |
|---|---|
| | ) ss.: |
| COUNTY OF NEW YORK | ) |

LATIFAH JONES, being duly sworn, deposes and says:

That I am the plaintiff in the within action.

I have read the foregoing COMPLAINT and know the contents thereof and the same is true
to the best of my knowledge, except as to those matters herein stated to be alleged upon information
and belief and that as to those matters, I believe them to be true.

DocuSigned by:

6802FCFD325C4A3
LATIFAH JONES

Sworn to before me this
20th day of June, 2024

NOTARY PUBLIC

ANTHONY MICHAEL BENEDUCE
NOTARY PUBLIC, STATE OF NEW YORK
Registration No. 02BE6426210
Qualified in New York
Commission Expires December 6, 2025

Case 1:24-cv-05473-PAE    Document 1-1    Filed 07/19/24    Page 24 of 24
DocuSign Envelope ID: 8B0A1EB4-1474-4613-9F40-441700DE9CBE

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

Index No.:

-------------------------------------------------------------------------------------------

N.C., an infant by his mother and natural guardian LATIFAH JONES, and LATIFAH JONES, individually,

Plaintiffs,

-against-

PHILIPS NORTH AMERICA LLC, PHILIPS NORTH AMERICA CORPORATION, AMAZON.COM, INC. a/k/a AMAZON.COM SERVICES INC. d/b/a AMAZON.COM, and AMAZON.COM SERVICES LLC,

Defendants.

-------------------------------------------------------------------------------------------

**SUMMONS and VERIFIED COMPLAINT**

-------------------------------------------------------------------------------------------

**LEAV & STEINBERG, L.L.P.**
*Attorneys for Plaintiffs*
75 Broad Street, Suite 1601
New York, New York 10004
Tel. No.: (212) 766-5222

-------------------------------------------------------------------------------------------